SAN JOAQUIN FRUIT & INVESTMENT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6988, 6989, 20801.   Promulgated June 29, 1929.

*Dana Latham, Esq., J. R. Sherrod, Esq.,* and *N. L. McLaren, C. P. A.,* for the petitioner.

*John D. Foley, Esq.,* and *Lloyd W. Creason, Esq.,* for the respondent.

#### OPINION.

MURDOCK: Under date of July 21, 1925, the Commissioner of Internal Revenue sent a deficiency notice to the San Joaquin Fruit & Investment Co., Tustin, Calif., the petitioner herein, in which he stated:

The determination of your income tax liability for the years 1918 and 1919 has resulted in a deficiency in tax aggregating $111,281.07, as set forth in Bureau letters dated March 9, 1925, and April 22, 1925.

In a statement attached to this letter this total deficiency was divided into a deficiency of $66,147.93 for 1918 and a deficiency of $45,133.14 for 1919. Within the proper time after receipt of this letter, the petitioner filed its petition with the Board at Docket No. 6988, in which it alleged four errors—one relating to invested capital, two relating to depreciation, and one relating to the use of improper comparatives in special assessment. Thereafter, the respondent filed his answer and the case came on for hearing in Los Angeles, Calif., at the conclusion of which hearing, upon the petitioner's motion, the case was continued and placed upon the reserve calendar. Following this, the petitioner moved to amend its original petition in order to allege that the petitioner was not in existence during the taxable years and that inasmuch as the Commissioner is not trying to tax it as a transferee, it is not liable as a taxpayer for any alleged deficiency. This motion was granted, and thereafter the respondent filed his answer to the amended petition and the case came on for further hearing. In the original petition the caption was as follows: " San Joaquin Fruit & Investment Co. (formerly San Joaquin Fruit Co.) Tustin, California." The petition was verified by the president of the San Joaquin Fruit & Investment Co. and in the verification it was stated that the San Joaquin Fruit & Investment Co. was the successor to the San Joaquin Fruit Co. The verification of the amended petition was substantially the same.

Under date of July 27, 1925, the Commissioner mailed a deficiency notice addressed to San Joaquin Fruit & Investment Co., Tustin, Calif., the petitioner herein, in which he stated:

An audit of your income and profits tax return for the year ended December 31, 1920, has resulted in the determination of a deficiency in tax of $22,872.09 as shown in Bureau letter dated June 16, 1925.

Thereafter, in due time, the petitioner filed its petition at Docket No. 6989 in substantially the same form as it filed its petition at Docket No. 6988. The Commissioner answered, the case was heard at the hearing at Los Angeles, Calif., above mentioned, after which it was continued and placed on the reserve calendar, an amended answer was filed raising the question of the identity of the taxpayer just as in the other case, the respondent answered and the case came on for further hearing.

It appears that in neither of these proceedings is the Commissioner attempting to determine, assess or collect the liability, if any, of the petitioner as a transferee of the property of the San Joaquin Fruit Co., in respect of the tax of that company for the taxable years. Moreover, the alleged taxes in controversy, if they be taxes at all, must be taxes of the San Joaquin Fruit Co., which seems to have been in business during the taxable years. The record shows

that the San Joaquin Fruit Co. was incorporated in October, 1906, under the laws of the State of California for certain purposes for a term of 25 years, with a capital stock of $100,000, divided into 1,000 shares of the par value of $100 each; on November 6, 1922, at a regular meeting of its board of directors they decided to call a meeting of the stockholders on November 18, 1922, for the purpose of considering and acting upon the proposition to dissolve the corporation, wind up its affairs and dispose of its assets according to law; this meeting of the stockholders was duly held on the 18th day of November, 1922, and from the minutes of that meeting it appears that the San Joaquin Fruit & Investment Co. held 807 shares of the stock of the San Joaquin Fruit Co.; at this meeting the resolution was adopted to dissolve the corporation, wind up its affairs and distribute its assets according to law; thereafter on the 26th day of December, 1922, a court of competent jurisdiction decreed that the directors of the San Joaquin Fruit Co. be made trustees for the dissolution of its assets and the winding up of its affairs and ordered them to distribute the real and personal property to the San Joaquin Fruit & Investment Co. and further ordered, adjudged and decreed that the San Joaquin Fruit Co. was thereby dissolved. The last paragraph of the decree was as follows:

IT IS FURTHER, ORDERED, ADJUDGED AND DECREED, that the respective interests of the stockholders of said San Joaquin Fruit Company, have hereinbefore been fixed, namely, there were four stockholders as herein named, three of whom have assigned their whole interest herein unto the said San Joaquin Fruit and Investment Company, and that now the San Joaquin Fruit and Investment Company is the only stockholder, and the only person to whom said property and assets of said San Joaquin Fruit Company shall be distributed and conveyed.

The record further shows that thereafter a copy of the decree was filed in the office of the Department of State of the State of California; the San Joaquin Fruit Co. on June 19, 1919, filed its income and profits-tax return for the year 1918, on March 15, 1920, filed its return for 1919, on March 15, 1921, filed its return for 1920, and on May 12, 1922, filed its return for 1921; the San Joaquin Fruit & Investment Co. was incorporated in July, 1922, under the laws of the State of California, for a period of 50 years with a capitalization of $1,500,000 divided into 15,000 shares of the par value of $100 each, for certain purposes set forth in its articles of incorporation, which purposes were similar to, but broader and not the same as the purposes set forth in the articles of incorporation of the San Joaquin Fruit Co.; under date of December 29, 1927, the Commissioner sent a notice of liability under section 280 of the Revenue Act of 1926 to the San Joaquin Fruit & Investment Co. as a transferee of the San Joaquin Fruit Co. liable for additional taxes of the latter company

for the year 1921, following the receipt of which the San Joaquin Fruit & Investment Co. filed a petition with this Board at Docket No. 35835, which proceeding has not been consolidated with the present proceedings and is not being decided in the present proceedings.

After carefully considering the facts before us, we are satisfied that the petitioner has made out a prima facie case, which has not been overcome by the respondent, which prima facie case shows that the petitioner was not in existence during the taxable years and that the tax liability which the Commissioner is trying to establish against the petitioner is not its tax liability. Therefore, for the years 1918, 1919, and 1920 an order of no deficiency will be entered.

The situation in regard to the year 1921 is somewhat different. For that year, under date of September 1, 1926, the Commissioner sent a deficiency notice addressed to the "San Joaquin Fruit Company, c/o San Joaquin Fruit and Investment Company, Tustin, California," in which he stated:

An audit of your income and profits tax return for the calendar year 1921 has resulted in the determination of a deficiency in tax of $21,867.40 as shown in Bureau letter dated July 20, 1926.

The letter of July 20, 1926, was addressed in the same way. On October 25, 1926, at Docket No. 20801, a petition was filed under the title of "San Joaquin Fruit & Investment Company (formerly San Joaquin Fruit Company)." The petition was verified by the president of the San Joaquin Fruit & Investment Co., which verification stated that the San Joaquin Fruit & Investment Co. was the successor to the San Joaquin Fruit Co. Errors were set forth in this petition which were similar to the errors set forth in the above mentioned two petitions. The respondent filed his answer. The hearing at Los Angeles, Calif., covered this case also, at the conclusion of which hearing this case was continued and placed on the reserve calendar and came on for further hearing with the other three cases, all three of which cases were consolidated for hearing and decision by an order of the Board. At the last hearing the petitioner moved to amend its petition in this case as he had theretofore done in the other two cases and for the same purposes. On this motion, which was objected to by counsel for the respondent, we have taken no action.

Upon consideration of the circumstances in connection with this proceeding at Docket No. 20801, we are of the opinion that the deficiency notice in question was sent to the San Joaquin Fruit Co. in connection with its tax liability for the year 1921 and that the deficiency notice was not a notice to the San Joaquin Fruit & Investment Co. corporation which filed the petition herein and was not a notice of the determination of its tax liability for any

year, and that neither the San Joaquin Fruit & Investment Co., its president who verified the petition, nor counsel who prepared and signed the petition, had proper authority or purported to act for the San Joaquin Fruit Co. The petitioner herein not being the taxpayer within the meaning of the section of the Revenue Act giving the Board jurisdiction to hear and decide proceedings, we have no jurisdiction in this proceeding, and therefore dismiss the same. *Bisso Ferry Co.*, 8 B. T. A. 1104; *Bond, Inc.*, 12 B. T. A. 339; *American Arch Co.*, 13 B. T. A. 552; *Weis & Lesh Manufacturing Co.*, 13 B. T. A. 144; *Sanborn Brothers*, 14 B. T. A., 1059; *Carnation Milk Products Co.*, 15 B. T. A. 556.

> *For the years 1918, 1919, and 1920 judgment will be entered for the petitioner. The proceeding, in so far as it relates to the year 1921, is dismissed for lack of jurisdiction.*