BANKERS REALTY SYNDICATE, BY J. W. ACKLEY AND F. O. PATTERSON, PARTNERS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46737. Promulgated August 27, 1930.

*L. B. Montfort, Esq.,* for the petitioner.
*P. A. Bayer, Esq.,* for the respondent.

### OPINION.

PHILLIPS: This proceeding is before the Board upon motion of the respondent to dismiss and upon motions of the individuals, Faymond O. Patterson and J. W. Ackley, for leave to file amended petitions in their several names.

On December 23, 1929, a petition was filed with the Board which, so far as now material, reads as follows:

UNITED STATES BOARD OF TAX APPEALS.

| | |
|---|---|
| BANKERS REALTY SYNDICATE<br>BY: J. W. ACKLEY and<br>F. O. PATTERSON, Partners<br>PETITIONERS<br>v.<br>COMMISSIONER OF INTERNAL REVENUE<br>RESPONDENT | Docket No. 46,737. |

PETITION.

The above named petitioners hereby petition for a redetermination of the deficiency set forth by the Commissioner of Internal Revenue in his notice of deficiency, IT:AR: B-1 V. M. W. 60D, dated November 1st, 1929 and as a basis of his proceeding alleges as follows:

1. The Petitioners are a partnership formed in the year of 1924 under the trade name of the BANKERS REALTY SYNDICATE, which has its principal office at 332 So. Michigan Avenue, Chicago, Illinois.

2. The notice of deficiency (a copy of which is attached and marked " Exhibit A") was mailed to the Petitioners on November 1st, 1929.

3. The taxes in controversy are income and profit taxes for the year ending 1926, amounting to Six Thousand Eight Hundred and Forty-one (6,841.33)

Dollars and thirty-three cents; and ending 1927 amounting to Twelve Thousand One Hundred and Thirty-one ($12,131.06) Dollars and Six cents, a total of Eighteen Thousand Nine Hundred and Seventy-two ($18,972.39) Dollars and thirty-nine cents.

4. The following facts upon which the Petitioners rule as the basis of this proceeding are as follows:

   \*       \*       \*       \*       \*       \*       \*

5. The petitioner prays for relief from the deficiency asserted by the respondent on the following and each of the following particulars: As heretofore stated under paragraph four of this petition.

Wherefore, petitioner prays that this Board may hear and redetermine the deficiency herein alleged.

BANKERS REALTY SYN.

(Signed)    F. O. PATTERSON,
*Petitioner.*

This petition is verified as follows:

STATE OF ILLINOIS $\Big\}$ ss
  COUNTY OF COOK

F. O. PATTERSON, being duly sworn says that he is the Petitioner above named; that he has read the foregoing petition or had the same read to him and is familiar with the statements contained therein and that the facts stated are true, except as to those facts stated to be upon information and belief and those facts he believes to be true.

(Signed)    F. O. PATTERSON.

Subscribed and sworn to before me this 20th day of December, 1929.

(Signed)    ALICE WALL,
*Notary Public.*

No notice of deficiency was attached to the petition, the allegation of paragraph second being incorrect.

On February 20, 1930, the Commissioner moved for an order to show cause why this proceeding should not be dismissed, and for cause therefor stated:

1. That the respondent has not determined a deficiency against the Bankers Realty Syndicate.

2. That the petition is not filed in the name of the party in interest.

3. That the petition is not drawn in accordance with the size and form in Rules 4 and 5 of the Board's Rules of Practice.

4. That while paragraph 2 of the petition filed with the Board on December 23, 1929, contains the statement that a copy of the deficiency letter is attached thereto, no copy of a deficiency letter is attached to the petition.

This motion was set down for hearing. At this hearing J. W. Ackley and F. O. Patterson appeared by counsel and moved to amend by filing their separate individual petitions. The motion filed by J. W. Ackley and the amended petition tendered by him read, so far as here material, as follows:

UNITED STATES BOARD OF TAX APPEALS.

JOEL W. ACKLEY, Petitioner        $\Big\}$
       vs.                 Docket No. 46,737(a)
COMMISSIONER OF INTERNAL REVENUE, Respondent

MOTION FOR AMENDED PETITION.

Now comes the above petitioner by his agent E. L. Kohler, C. P. A. of Chicago, Illinois and his attorney Louis B. Montfort, of Washington, D. C. and respectfully request the Board for leave to file an amended Petition in the above entitled matter.

Petitioner together with Faymond O. Patterson previously filed a joint petition of the docket number of 46,737 within the sixty day period based upon a sixty day letter addressed to Faymond O. Patterson and Joel W. Ackley under date of November 1, 1929.

This petitioner was previously advised by his tax representative that a joint petition should be filed. Petitioner is now advised by his tax representatives that it is necessary to file individual amended petitions.

Respectfully submitted.

(Signed)　　E. L. KOHLER.

LOUIS B. MONTFORT.

UNITED STATES BOARD OF TAX APPEALS.

JOEL W. ACKLEY, Petitioner,
vs.
COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. —

PETITION.

The above-named petitioner hereby petitions for a redetermination of the deficiency set forth by the Commissioner of Internal Revenue (hereinafter called the respondent) in his notice of deficiency (IT: AR: B-1-VMW-6OD), dated November 1, 1929, and as a basis of this proceeding, alleges as follows:

1. The petitioner is an individual with principal office located at 332 South Michigan Avenue, Chicago, Illinois.

2. The notice of deficiency (a true copy of which is attached and marked Exhibit A) was mailed to the petitioner on November 1, 1929.

3. The taxes in controversy are income and profits taxes for the calendar years 1926 and 1927, in the amount of not less than $9,876.18.

Attached to this petition as Exhibit A is a copy of deficiency notice addressed to Joel W. Ackley, advising him of the determination of a deficiency in income taxes for 1926 and 1927 of $8,882.91. It bears the reference symbols IT: AR: B-1: VMW-6OD. It appears from this notice that the deficiency arises from adjustments made in the income of Bankers Realty Syndicate, a partnership in which Ackley is stated to have a one-half interest.

The motion filed by F. O. Patterson, the amended petition tendered by him, and the notice of deficiency attached thereto are similar in all respects to those filed by Ackley, except that the names are interchanged, the amount of taxes in controversy is stated in the petition to be " not less than $10,062.35 " and the notice of deficiency states the deficiency to be $9,095.34.

In support of their motions, the individuals offered evidence which shows that they are partners in the real estate business in Chicago,

Ill., doing business under the firm name of Bankers Realty Syndicate; that they received the separate notices of deficiencies attached to the proposed amended petitions; that each notice carried the reference symbols IT: AR: B–1: VMW–6OD; that in the absence of either the other had full power to act in all matters for the absent party; that Ackley had expressly authorized Patterson to appeal from the notice of deficiency; and that at the time the petition which was filed on December 23, 1929, was prepared Ackley was absent from Chicago and in Arizona.

Counsel for the taxpayers points out that all that is necessary to confer jurisdiction upon the Board is that a petition shall be filed by the taxpayer within 60 days after mailing of the notice of deficiency; that defects in the petition may be corrected by amendment; and that upon this basis the Board has taken jurisdiction where there has been a joint petition filed by two or more taxpayers, or where the petition filed was a mere skeleton, or where it has not been verified, permitting defects to be corrected in amended pleadings. It has been the fixed policy of the Board to be liberal in permitting amendments to pleadings when timely made, and the motions filed by the taxpayers should be granted if the petitions now tendered are, in fact, amended petitions. The real question involved is whether the petition filed on December 23, 1929, was the petition of these taxpayers so as to give the Board jurisdiction of the deficiencies asserted against them. This question is more important and more complex than appears at first blush. If a petition was filed by them, no suit for refund of the tax may be instituted. Section 322 (c), Revenue Act of 1928. If no petition was filed by them, such a suit may be brought and any action this Board may take is ineffective to bind them. If a petition was filed by them, the Commissioner was prohibited from assessing the deficiency (section 272 (b), Revenue Act of 1928) and the statute of limitations on assessment of this tax has been suspended (section 277, Revenue Act of 1928); if the petition was not theirs, these sections have no application. The question is much more vital than one which involves only the exercise of discretion in permitting amendments to pleadings.

In *Taylor Brothers*, 9 B. T. A. 877, we had before us a case where a partnership filed a petition with the Board, deficiencies having been determined against its members, but not against it. That proceeding was dismissed. In that case there was no question that it was the partnership which appealed; the caption named only the partnership, it was stated that the taxpayer was a partnership and that it appealed. The verification was in partnership form. Since a partnership may be an association taxable as a corportion (*Burk-Waggoner Oil Assn.* v. *Hopkins*, 269 U. S. 110), it may be a taxpayer

and in such case may be a petitioner before this Board. The individuals who compose the partnership may also have disputed tax liabilities which they may or may not wish to bring before us. In such a case the partnership would file its petition with the Board, and the individuals, if they wished their liability considered, would be required to file their individual petitions. The individuals who might wish to test their liability through a suit for refund would not lose their right to do so because the partnership had filed a petition with respect to its liability. It would seem clear that a petition filed by a partnership alone is not sufficient to give jurisdiction over the tax liability of the individual members.

The petition now under consideration is, however, different from that considered in the *Taylor Brothers* case. There, the words of the petition left no doubt that it was the partnership which was the petitioner. Here, the caption names the partners as well as the partnership. The body of the petition leaves no doubt that it is the individuals who compose the partnership who are the petitioners. The only doubt arises by reason of the words " Bankers Realty Syndicate," in the caption. The inclusion of the firm name with those of the individuals would indicate either that both the partnership and the individuals were the petitioners or that the firm was the petitioner, acting through its individual members. The latter contention would seem to be indicated by the use of the words " by: J. W. Ackley and F. O. Patterson, partners," and the prior construction by the word "petitioners." Neither construction is supported by the body of the petition, which, as we state above, shows the individuals to be the petitioners. In these circumstances it would seem clear that the body of the pleading controls. The statute provides that a taxpayer who has received notice of the determination of a deficiency may file his petition with the Board and this right should not be defeated by reason of an improper caption where, reading the petition as a whole, it is clear that it is the taxpayer who has petitioned.

An order will be entered denying the motion to dismiss and granting the motions to file amended petitions.