CHARLES HALLOCK WHITEHEAD, EXECUTOR OF THE ESTATE OF MARY HEATON WHITEHEAD, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 32062. Promulgated December 8, 1931.

*Lynn Webb, Esq.*, for the petitioner.
*W. Frank Gibbs, Esq.*, for the respondent.

OPINION.

LANSDON: During her lifetime Mary Heaton Whitehead was the owner of certain real estate in the State of Missouri, valued at $45,-000. She also owned an interest in certain personal property derived from the estate of her husband, Charles H. Whitehead, deceased in 1908, whose will, among other things, provided as follows:

All the rest and residue of my estate whether real, personal or mixed and wherever situate I give, devise and bequeath to my wife Mary H. Whitehead and to my son Charles Hallock Whitehead and to the survivor of them to have and to hold as joint tenants and not as tenants in common. The said Mary H. Whitehead and Charles Hallock Whitehead shall keep the property herein given to them separate and apart from their individual estates. They shall have absolute control of and dominion over said property as joint owners so long as they both shall live, and either may at any time withdraw from the joint estate such sum or sums of money as said beneficiaries may jointly agree upon, provided that an equal sum of money shall at the same time be turned over to the other beneficiary. The said Mary H. Whitehead and Charles Hallock Whitehead shall so long as both shall live, keep an account showing the property received by them under this will together with the earnings thereof and the amounts expended, or distributed as above provided, and upon the death of either of said beneficiaries the balance of said joint estate shall vest absolutely in the survivor. It is my intention by this provision of my will to allow my said wife and son the unrestricted enjoyment and benefit of my said estate during their joint lives the balance remaining at the death of either to go to the survivor.

It is stipulated that the value of the decedent's interest in such property for Federal estate-tax purposes, if subject thereto, at the time of her death was $177,313.10.

Mary Heaton Whitehead died in 1922, and the son, Charles Hallock Whitehead, was appointed one of two joint executors of her estate. These executors filed their report in final settlement of the estate with the probate court of Jackson County, Missouri, on July 12, 1924, on which date an order was issued discharging them from their trust.

No Federal estate-tax return was filed by the executors in behalf of the estate of Mary Heaton Whitehead, but more than two years after its settlement, on April 21, 1927, the petitioner, as beneficiary, filed with the collector of internal revenue at Kansas City, Mo., a preliminary notice, as required under the Revenue Act of 1926, purporting to give information in respect to its assets. This notice reported personal property valued at $37,485 as constituting the gross estate of the decedent at the time of her death. The respondent determined that the real estate belonging to the decedent at the time of her death was subject to the Federal estate tax, and asserted a deficiency in respect thereto of $292.18, of which he notified the petitioner in a letter dated September 1, 1927, addressed to him as " Executor Estate of Mary Heaton Whitehead." From the assertion of this deficiency the petitioner appealed to this Board on October 28, 1927. At the hearing of this case the respondent, upon authority of the decision of the United States Supreme Court in *Crooks* v. *Harrelson*, 282 U. S. 55, conceded that the real estate involved, valued at $45,000, should be excluded from consideration in determining the tax, if any, due from the estate. The respondent, however, has

filed an amended answer in which he avers that the decedent's interest in the personal property bequeathed by Charles H. Whitehead to Mary Heaton Whitehead and Charles Hallock Whitehead as joint tenants should be included in the taxable estate and moves that the deficiency be accordingly increased in the proper amount on the basis thereof.

As reasons why the respondent's request should not be granted, the petitioner contends (1) that inasmuch as the estate of Mary Heaton Whitehead was settled and the executors discharged in July, 1924, there was no taxable entity of that name in existence at the time the deficiency was asserted, and the Board is, therefore, without jurisdiction to redetermine the tax; and (2) that in view of the terms of the will, which gave to decedent only a joint interest in the personal property, with remainder vesting absolutely in the surviving tenant, upon her death, no interest survived in the personal property which could be included in her gross estate.

We see no merit in the jurisdictional question raised by the petitioner. The settlement of the estate and final discharge of the executors, before the tax obligations were discharged, neither extinguished the tax nor relieved the petitioner from his liability under the law to pay it. Section 400 of the Revenue Act of 1921 includes the following:

The term " executor " means the executor or administrator of the decedent, or, if there is no executor or administrator, any person in actual or constructive possession of any property of the decedent.

Section 300 of the Revenue Act of 1924 reenacts this definition with slight changes that are not material in this proceeding. Charles Hallock Whitehead, the petitioner here, was the regularly qualified executor of this decedent, the residuary legatee and the distributee of the bulk of the estate. As the executor, he received the deficiency notice and petitioned for a redetermination. In the light of the facts and the statutory provisions above cited, we are of the opinion that all the requirements of section 308 (a) of the Revenue Acts of 1924 and 1926 have been satisfied and that the Board has jurisdiction over this proceeding.

In respect of the personal property in dispute, section 402 (d) of the 1921 Revenue Act seems to anticipate the exact situation which here obtains and provides as follows:

To the extent of the interest therein held jointly or as tenants in the entirety by the decedent and any other person, or deposited in banks or other institutions in their joint names and payable to either or the survivor, except such part thereof as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth: *Provided,* That where such property or any part thereof, or part of the consideration with which

such property was acquired, is shown to have been at any time acquired by such other person from the decedent for less than a fair consideration in money or money's worth, there shall be excepted only such part of the value of such property as is proportionate to the consideration furnished by such other person: *Provided further,* That where any property has been acquired by gift, bequest, devise, or inheritance, as a tenancy in the entirety by the decedent and spouse, or where so acquired by the decedent and any other person as joint tenants and their interests are not otherwise specified or fixed by law, then to the extent of one-half of the value thereof; * * *

Therefore, we must hold contrary to petitioner's contention on this point. The parties have stipulated that at the date of her death the value of the interest of Mary Heaton Whitehead in the joint tenancy created by the will of her husband in 1908 was $177,313.10. This amount should be included in her estate subject to Federal estate tax. *Mary Allen Emery, Executrix* v. *Commissioner,* 21 B. T. A. 1038; *Tyler* v. *United States,* 281 U. S. 497; *Knox* v. *McElligott,* 258 U. S. 546.

Reviewed by the Board.

*Decison will be entered under Rule 50.*