CORINNE PORTER SCRUGGS, ADMINISTRATRIX OF THE ESTATE OF J. D. SCRUGGS, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 69796.   Promulgated February 14, 1934.

*J. C. Ristine, Esq.*, for the petitioner.
*C. C. Holmes, Esq.*, for the respondent.

### OPINION.

MATTHEWS: On March 16, 1931, J. D. Scruggs of Madison, Florida, filed his income tax return for the year 1930 with the collector of internal revenue for the District of Florida. On October 24, 1931, J. D. Scruggs died intestate. His widow, Corinne Porter Scruggs, was appointed administratrix of his estate and letters of administration were duly granted to her under date of November 2, 1931, by the County Judge of Madison County, Florida.

On May 30, 1932, Corinne Porter Scruggs, as administratrix of the estate of J. D. Scruggs, deceased, executed a power of attorney

authorizing J. M. Jordan to represent her as administratrix in connection with all tax returns filed with the United States Government by J. D. Scruggs, deceased, which power of attorney was received by the Public Relations Division of the Bureau of Internal Revenue on August 30, 1932. Under date of December 6, 1932, the County Judge of Madison County, Florida, certified that the estate of J. D. Scruggs, deceased, had not been completely administered and that the same was still in the process of administration by Mrs. Corinne Porter Scruggs, administratrix, which certificate was received by the Public Relations Division of the Bureau of Internal Revenue on December 10, 1932.

A protest had previously been filed with the internal revenue agent at Jacksonville, Florida, under date of July 6, 1932, in the name of J. D. Scruggs, deceased, by J. M. Jordan, agent, in which reference was made to a letter dated May 23, 1932, relative to the assessment of a proposed deficiency of $5,058.40, and in which protest R. C. Horne was referred to as administrator of the estate of J. D. Scruggs.

R. C. Horne has not been at any time the administrator of the estate of J. D. Scruggs, deceased.

On December 30, 1932, the Commissioner forwarded a notice of deficiency by registered mail to " Mr. R. C. Horne, Administrator, Estate of J. D. Scruggs, Madison, Florida ", which states in part as follows: " You are advised that the determination of your tax liability for the year 1930 discloses a deficiency of $5,058.40, as shown in the statement attached."

On February 9, 1933, a petition was filed with the Board under the caption, " J. D. Scruggs, Deceased, Mrs. Corinne Porter Scruggs, Administratrix ", which petition was signed by J. M. Jordan, counsel for the petitioner. The petition reads in part as follows:

(1) The petitioner is a fiduciary whose address is Madison, Florida.

(2) The notice of deficiency, a copy of which is attached, was dated and presumably mailed to the petitioner on December 30, 1932.

(3) The taxes in controversy are income taxes for the calendar year 1930 of $5,058.40.

The following language is used in the verification of the petition: " Corinne Porter Scruggs, being duly sworn according to law says that she is the administratrix of the estate of J. D. Scruggs, deceased, the petitioner mentioned in the foregoing petition and as such is duly authorized to verify the same, * * * " and the verification is signed by Corinne Porter Scruggs as administratrix, estate of J. D. Scruggs, deceased.

The petitioner is contending that the notice of deficiency dated December 30, 1932, was not sent to the proper person and that a

valid petition has not been filed with this Board. The petitioner has filed a motion asking that the Board determine whether the proceeding should be dismissed on the ground that the respondent mailed the notice of deficiency to a person other than the petitioner.

We are of the opinion that, under the circumstances outlined above, the misnomer in the deficiency notice is not such a defect as to furnish a basis for refusing jurisdiction of the instant case. The record discloses that the notice of deficiency was addressed to one R. C. Horne, administrator of the estate of J. D. Scruggs, deceased, and that Horne was never the administrator of the decedent's estate. The instant petition was filed, not by Horne, who was erroneously named in the deficiency notice, but by Corinne Porter Scruggs, who was the duly appointed administratrix and who filed the petition in her representative capacity. The notice clearly shows that the proposed deficiency was that of the deceased taxpayer for the year 1930. As the fiduciary legally entitled to institute a proceeding on behalf of the deceased taxpayer, the petitioner took a timely appeal from what she knew to be a notice of deficiency in tax asserted to be due from the estate of which she was administratrix. Petitioner was not misled by the error made by the respondent in the deficiency notice in describing Horne as administrator. There is no allegation that she did not receive the notice of deficiency or that there was any delay in its delivery. We cannot see that her rights have been jeopardized in any way. Reading the petition as a whole, it is clear that it is the taxpayer's representative who has petitioned, and by thus accepting the deficiency notice and appealing therefrom the petitioner has cured any error of which she might previously have complained.

Although some of the following cases are distinguishable from the instant case upon the facts, they show that the Board has taken jurisdiction of proceedings instituted by persons other than those whose names appear in the notices of deficiency, where the person filing the petition has actual authority to represent the taxpayer against whom the deficiency has been determined and no one has been misled as to the liability asserted: *Kay Mfg. Co.*, 18 B.T.A. 753; affd., 53 Fed. (2d) 1083; *Bankers Realty Syndicate*, 20 B.T.A. 612; *Charles M. Howell, Administrator*, 21 B.T.A. 757, 780; *Bankers Trust Co., Trustee*, 24 B.T.A. 10; *Waldemar R. Helmholz, Executor*, 28 B.T.A. 165; *Edwin W. Eisendrath et al., Executors*, 28 B.T.A. 744; *Burnet v. San Joaquin Fruit & Investment Co.*, 52 Fed. (2d) 123, reversing, in part, 16 B.T.A. 1290.

In the case of *Commissioner v. New York Trust Co.*, 54 Fed. (2d) 463; certiorari denied, 285 U.S. 556, the court reversed the Board's

decision reported at 20 B.T.A. 162, saying: " The ' taxpayer ' as referred to in the taxing statutes has not a narrow or restricted meaning." The Board had dismissed the proceeding for lack of jurisdiction, holding that where a trustee filed a return but the deficiency notice was addressed to the beneficiary and referred throughout to the deficiency as that of the beneficiary, the Board has no jurisdiction over a proceeding brought by the trustee. In reversing this holding the court pointed out that though the tax return was made out by the trust company as trustee and the deficiency notice was addressed to the beneficiary in care of the trustee, such notice was received by the trustee and was fully understood as referring to the liability of the trust company as trustee for the beneficiary. The court found that the trustee was not misled by the method of addressing and held that the trustee, by appearing before the Board and invoking the Board's jurisdiction to obtain redetermination of the tax, waived any defect in the notice.

We are not unmindful of the Board's decision denying jurisdiction in the case of *Antoinette J. Mitchell, Administratrix*, 22 B.T.A. 1365, relied upon by the petitioner herein. Under facts very similar to those of the instant case it was stated that neither the estate of the decedent nor its administratrix had been notified of the proposed deficiency in the manner required by the statute and it was held that it was unimportant that the petitioner had obtained actual knowledge of the deficiency within time to file a petition with the Board. Since this decision the Board, in the cases hereinabove cited, has taken a less technical view in determining whether the petitioner is properly before the Board, and the *Mitchell* case will not be followed herein.

We hold that the Board has jurisdiction, and an order will be entered denying the petitioner's motion to dismiss.

Reviewed by the Board.

TRAMMELL, MURDOCK, and GOODRICH dissent.