ESTATE OF JOSEPH B. DABNEY, DECEASED, M. H. PHILLEO, FORMER ADMINISTRATOR THEREOF, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96877. Promulgated July 25, 1939.

*Llewellyn A. Luce, Esq.*, for the petitioner.
*E. M. Woolf, Esq.*, for the respondent.

### OPINION.

ARUNDELL: The respondent has moved to dismiss this proceeding for lack of jurisdiction. The specific ground for the motion is that there is no showing that the individual who verified the petition has at this time any authority to act on behalf of the estate of Joseph B. Dabney. The petitioner resists the motion to dismiss.

The notice of deficiency, dated November 8, 1938, is addressed:

> Estate of Joseph B. Dabney, Deceased,
> Mr. M. H. Philleo, Administrator,
> 620 West Olympic Boulevard,
> Los Angeles, California.

In the petition filed on January 23, 1939, the petitioner is named in the caption as "Estate of Joseph B. Dabney, Deceased, M. H. Philleo, former Administrator thereof." Among the facts alleged in the petition are the following:

> (b) On October 25, 1932, Louise E. Dabney, M. H. Philleo and A. S. Johnston, were duly appointed administrators of the Estate of Joseph B. Dabney, Deceased, by the Superior Court of the State of California, in and for the County of Los Angeles. On or about July 15, 1936, Louise E. Dabney and A. S. Johnston were duly discharged as administrators of said Estate. Thereafter petitioner, M. H. Philleo, continued as sole administrator of said Estate until the distribu-

tion thereof. M. H. Philleo was duly discharged as administrator of said estate by order of the court on October 15, 1937.

The petition is verified as follows:

M. H. Philleo, of the City of Los Angeles, State of California, being first duly sworn, deposes and says: that he was one of the duly appointed, qualified and acting administrators of the Estate of Joseph B. Dabney, Deceased, and is the petitioner in the foregoing petition; that he is familiar with the facts stated therein and that the facts so stated are true and correct, except such facts as are stated upon information and belief and those facts he believes to be true.

In the case of *Hulburd* v. *Commissioner*, 296 U. S. 300, the Commissioner sent a notice of transferee liability to the estate of the decedent in care of an individual who had been one of the executors. The former executors filed a petition with the Board disclaiming liability on the grounds that the estate had been wholly distributed and settled and that they had been duly discharged as executors. The Supreme Court examined the decisions and statutes of a number of jurisdictions with reference to the liability of executors after discharge. It concluded that under the law of Illinois, in the absence of a showing that the executor has failed to inventory or report assets, "the discharge when decreed upon a finding of full administration will relieve the executor for the future of responsibility and power." The opinion reads in part:

\* \* \* In the thought of many judges, an executor discharged after a full and fair accounting is no longer to be vexed by the annoyance and expense of defending fruitless suits with assets no longer available for reimbursement or indemnity. If suitors or taxgatherers wish to go against the estate or against those who have shared in it, they must either vacate the decree upon a showing of assets unaccounted for, or procure upon a showing of necessity the appointment of an administrator, or pass over the estate and its representatives and pursue the legatees to the extent of benefits received. There was no attempt to tread those paths, though the last at all events was open.

The controversy in this aspect is one of local law, which, once it is ascertained, must be accepted as controlling.

Earlier in the opinion, the Court referred to the diversity of doctrine as to the continuing liability of executors. Some states, it is said, including New York, although they make provision for an accounting, make none for a discharge and hold the executor suable after the estate has been distributed on the chance that other property may be discovered later on. This view of the New York law was followed by the Circuit Court of Appeals for the Second Circuit in *Olsen* v. *Helvering*, 88 Fed. (2d) 650, where a notice of deficiency was addressed to a deceased taxpayer, and received by his administrator after his discharge as administrator. In the *Hulburd* case the Supreme Court said further:

\* \* \* On the other hand, there are states where by express provision of the statutes the executor is to be discharged upon a showing of full administra-

tion, and others where the requirement of a discharge has been read into the statutes by a process of construction.

Among the citations following this quotation are *Willis* v. *Farley*, 24 Cal. 490, 502; *In re Clary's Estate*, 112 Cal. 292, 294; 44 Pac. 569; Probate Code (Calif.), 1933, § 1066.

Section 1066 of the California Probate Code provides that upon complete administration of an estate and performance of all acts required by the executor or administrator, "the court must make a decree discharging him from all liability to be incurred thereafter." Upon the entry of such a decree the executor becomes *functus officio*. *State* v. *District Court* (Mont.), 245 Pac. 529, citing 12 Cal. Jur. 232; *Estate of Burton*, 93 Cal. 459; 29 Pac. 36.

Upon the above authorities we are of the opinion that when M. H. Philleo was discharged by order of the Superior Court, as he alleges, he lost all power to act for the estate against which the respondent is proceeding as the taxpayer. Consequently, the petition filed is not the petition of a taxpayer and does not serve to initiate a proceeding within our jurisdiction.

There are cases, some of which are cited by the petitioner, in which we have expressly taken jurisdiction of proceedings instituted by executors after discharge. In *Jessie Smith, Executrix*, 24 B. T. A. 807, we held that we had jurisdiction under section 281 (b) of the Revenue Act of 1926, which provides that, upon notice to the Commissioner of a fiduciary relationship, the powers and liabilities of such fiduciary shall continue until notice of termination of the fiduciary capacity. In *Charles Hallock Whitehead, Executor*, 24 B. T. A. 1111, we took jurisdiction of a proceeding initiated by a discharged executor who was also the residuary legatee and the distributee of the bulk of the estate. We thought that, despite his discharge, he met the definition of "executor" given in section 400 of the Revenue Act of 1921 as one "in actual or constructive possession of any property of the decedent." In *Waldemar R. Helmholz, Executor*, 28 B. T. A. 165, the petition was filed by a discharged administrator who was also the sole devisee and legatee of the decedent. No jurisdictional question was raised by either party; the question was raised by the Board. We accepted jurisdiction largely on the ground of the failure of the administrator to give notice of termination of his fiduciary capacity. The *Whitehead* and *Helmholz* cases involved estate tax liability. The estate tax statutes provide for notice of deficiency to the "executor." The definition of the executor includes a provision that "if there is no executor or administrator appointed, qualified, or acting within the United States, then any person in actual or constructive possession of any property of the decedent"; Sec. 300 (a), Revenue Act of 1926.

No corresponding provisions are contained in the income tax sections. In *Ruth Mintz Sack*, 36 B. T. A. 595, an income tax case, a notice of deficiency was mailed to Louis Mintz, and a petition was filed by Ruth Mintz Sack, who was not the executrix (no executor or administrator had been appointed), but she held a power of attorney from all the children and heirs at law of Louis Mintz. We granted the respondent's motion to dismiss, saying:

Where the Board's jurisdiction has been challenged as to the proper parties, the general rule is that the party petitioner must be the taxpayer to whom the deficiency notice was directed. *William A. Matern*, 21 B. T. A. 384, and cases there cited. An exception exists, and jurisdiction has been taken, where the deficiency notice was mailed to a deceased taxpayer and the appeal was brought by the executors of his estate. *Edwin W. Eisendrath et al., Executors*, 28 B. T. A. 744. An exception has also been recognized where the person filing the petition has actual authority to represent the taxpayer and no one has been misled as to the liability asserted. *Corinne Porter Scruggs, Administratrix*, 29 B. T. A. 1102, and cases cited. But here the petitioner had no actual authority. No deficiency has been asserted against her or the individuals she allegedly represents. The Board has no jurisdiction, therefore, to determine a deficiency against her as an individual, as a fiduciary, or in any other capacity.

Petitioner relies largely on the case of *Marie Minor Sanborn*, 39 B. T. A. 721, in which a transferee questioned our jurisdiction in the case of her transferor, decided prior to the initiation of the transferee proceeding. The facts in the transferor case were similar to those in this proceeding and we said, admitting it was *dictum*, that there is a possibility that in such cases "the executor has an election whether to accept the jurisdiction of the Board and litigate the substantive question of estate liability, or to challenge the authority of the Commissioner to proceed further." That holding was premised on the lack of any issue concerning jurisdiction in the proceeding brought by the discharged executor. Whether it is sound need not be decided here, inasmuch as we have the question of jurisdiction squarely raised. Under the decision of the *Hulburd* case, we must decide the jurisdictional question raised by the pleadings. As the *Hulburd* case expressly holds that the question of liabilities and powers of a discharged fiduciary "is one of local law, which, once it is ascertained, must be accepted as controlling", and as local law has stripped this petitioner of all power to act for the taxpayer, we must hold that he is without authority to file a petition on behalf of the taxpayer. Consequently, there is no proper petition before us and the respondent's motion to dismiss will be granted.

Reviewed by the Board.

*Order will be entered dismissing the proceeding.*