CONTINENTAL CHEMICAL & ENGINEERING SUPPLY, a dissolved special partnership, Trust Estate created under Declaration of Trust No. 1 executed by HONORA M. MURPHY on October 16, 1942, by HONORA M. MURPHY, TRUSTEE, Trust Estate created under Declaration of Trust No. 2 executed by HONORA M. MURPHY on October 16, 1942, by HONORA M. MURPHY, TRUSTEE, and LESLIE H. JACKSON, PETITIONERS, *v.* ROBERT P. PATTERSON, SECRETARY OF WAR, JAMES V. FORRESTAL, SECRETARY OF THE NAVY, ROBERT C. RICHARDSON, JR., LT. GEN., U. S. ARMY, COMMANDING HAWAIIAN DEPARTMENT, RESPONDENTS.

CONTINENTAL CHEMICAL & ENGINEERING SUPPLY, a dissolved special partnership, Trust Estate created under Declaration of Trust No. 1 executed by HONORA M. MURPHY on October 16, 1942, by HONORA M. MURPHY, TRUSTEE, Trust Estate created under Declaration of Trust No. 2 executed by HONORA M. MURPHY on October 16, 1942, by HONORA M. MURPHY, TRUSTEE, and LESLIE H. JACKSON, PETITIONERS, *v.* WAR CONTRACTS PRICE ADJUSTMENT BOARD, RESPONDENT.

Docket Nos. 419–R, 530–R.   Promulgated July 16, 1948.

*James M. Richmond, Esq.*, for the petitioners.
*Frederick N. Curley, Esq.*, for the respondents.

MEMORANDUM TO ACCOMPANY ORDER OF DISMISSAL

MURDOCK, *Judge*: Determinations were made by the proper renegotiating authorities that a partnership known as Continental Chemical & Engineering Supply had realized excessive profits for 1942 and 1943. The determinations were not against the individual partners. The petitions show that the partnership consisted of Victor G. Sorrell, as general partner, and Honora M. Murphy, trustee, and Leslie H. Jackson, as special partners with limited liability and no authority to act for the partnership. Murphy and Jackson filed the petitions. Sorrell, the general partner, who alone had authority to act for the partnership, is not a party hereto. The partnership has been dissolved.

The respondents have moved to dismiss on the ground that the partnership is not properly before the Court; the Court has no jurisdiction; and the petitions do not conform to Rules 5 and 64 of the Court's Rules of Practice.

The only matter in litigation is the amount of excessive profits realized by the partnership from its operations during 1942 and 1943.

The Court would have authority to make a determination of the amount of excessive profits of the partnership for those two years were jurisdiction invoked by the partnership, the entity which was the contractor or subcontractor against which the determinations were made. A proceeding can be brought only by persons duly authorized to bring a proceeding on behalf of the partnership. Here parties showing no authority to act for the partnership or to bind it have instituted these proceedings.

The respondent in a renegotiation proceeding can ask for a determination of an amount of excessive profits greater than that determined by the renegotiators. If that were done in these proceedings it would prejudice the general partner, who is not a party to these proceedings, and, incidentally, it would do so at no risk to the special partners, who are here and whose liability is less than the amount of excessive profits already determined.

The Court has no authority to determine, separately, the amount of excessive profits for which the special partners are liable, leaving unaffected the partnership, as such, and the liability of the general partner for any excessive profits determined against the partnership. In other words, the interests of the separate special partners, as such, can not be litigated or determined in these proceedings. The Court has no authority to enter, and could not enter, an order which would accomplish any such purpose.

The special partners argue that they have their right to a day in court. It may be that they have the right in some other court to require the general partner to act for the partnership, if to act is for the best interests of the partnership, but, however that may be, this Court has no equity jurisdiction, and it is not empowered to consider or decide other than the one question referred to above. The situation is not changed in any way to the advantage of these petitioners by the fact that the partnership has been dissolved. At least they have not shown that they now have authority to act for the partnership.

Renegotiation proceeded against the partnership and the Court has jurisdiction only to determine the amount of excessive profits of the partnership, as such, once a proceeding is properly instituted. The partnership agreement shows that under the law of Hawaii these special partners, or former special partners, have no authority to act for the partnership, and therefore the respondents' motion to dismiss must be granted. Cf. *Bankers Realty Syndicate*, 20 B. T. A. 612. A somewhat similar situation arose in *Columbia Engineering Co.* v. *War Contracts Price Adjustment Board*, Docket No. 309–R, in which

a minority partner objected to the dismissal of the proceeding urged by the majority partners, after a proper petition had been filed on behalf of the partnership. That proceeding was dismissed at the request of the majority partners because they spoke for the partnership and because the Court had no jurisdiction to determine less than the liability of the partnership, as such.

The proceedings will be dismissed by orders accompanying this memorandum.