[No. 14450. In Bank. — February 20, 1892.]

IN THE MATTER OF THE ESTATE OF HENRY S. BUR-
TON, DECEASED.  MARIA A. BURTON ET AL., AP-
PELLANTS.

ESTATES OF DECEASED PERSONS—DETERMINATION OF HEIRSHIP—CONSTRUC-
TION OF CODE — RIGHTS OF ASSIGNEES. — Section 1664 of the Code of
Civil Procedure, providing for the ascertainment of the rights of all
persons claiming heirship to a deceased, and expressly authorizing and
requiring the court to determine "the ownership of his estate, and the
interest of each respective claimant thereto or therein" which is not
claimed adversely to the estate, clearly expresses the intention of the
legislature to authorize the court to ascertain and determine the rights
or interests of alleged assignees of the heirs or devisees; and one who
has purchased the interest of an heir or devisee in the property of an
estate, pending the administration, has the right, under such section, to
have the interest thus purchased ascertained, declared, and directly dis-
tributed to him by the court.

ID. — SPECIAL PROCEEDING — MATTERS OF PROBATE — JURISDICTION OF SU-
PERIOR COURT. — The proceeding provided by section 1664 of the Code
of Civil Procedure for the determination of heirship to the estate of a
decedent is a special proceeding, and is embraced within the scope of
"matters of probate," and is within the jurisdiction of the superior
courts conferred by authority of section 5 of article VI. of the constitu-
tion.

ID. — SCOPE OF JURISDICTION IN MATTERS OF PROBATE. — The superior
court, while sitting in matters of probate, is the same as it is while sit-
ting in cases in equity, in cases at law, or in special proceedings; and
when it has jurisdiction of the subject-matter of a case falling within
either of these classes, it has power to hear and determine, in the mode
provided by law, all questions of law and fact the determination of
which is ancillary to a proper judgment in such case.

APPEAL from a judgment of the Superior Court of
San Diego County.

The facts are stated in the opinion.

*Luce & McDonald,* and *Works, Gibson & Titus,* for Ap-
pellants.

*Wellborn, Parker & Stevens, Haines & Ward,* and *James
S. Callen,* for Respondents.

VANCLIEF, C. — This is a proceeding initiated by the
petition of Maggie Leach, as executrix and sole devisee

of the will of Wallace Leach, deceased, under section 1664 of the Code of Civil Procedure, praying the court to ascertain and declare the rights of all persons to the estate of Henry S. Burton, deceased, and to determine to whom distribution thereof should be made. In due course of the proceeding, the petitioner filed her complaint, alleging that she had succeeded to the title of the heirs of Henry S. Burton in and to a tract of land containing 8,925 acres situate in the county of San Diego, known as " Rancho Jamul," subject to administration and to the homestead of the widow of the deceased, and praying that it may be so determined, and that distribution of the estate be made to her.

The heirs of Henry S. Burton, deceased, who appeared, and by answer denied the alleged right of petitioner, were Maria A. Burton, the widow of deceased, Nellie De Pedrorena and Henry H. Burton, the children of deceased, and Elizabeth Lull Cochrane and Richard Swann Lull, the grandchildren of deceased.

The court found that five sixths of the Rancho Jamul had descended to Maria A. Burton, Nellie De Pedrorena, and Henry H. Burton, as heirs of Henry S. Burton, deceased, and that through the foreclosure of a mortgage executed by these heirs, the plaintiff, Maggie Leach, as executrix of the will of Wallace Leach, deceased, and as sole devisee, has succeeded to and is the owner of all their rights as such heirs in and to the Rancho Jamul; and decreed that upon final distribution five sixths of said rancho, less the homestead, be distributed to her, and that the remaining one sixth be distributed to the two grandchildren above named. ·

From this decree, Maria A. Burton, Henry H. Burton, and Nellie De Pedrorena bring this appeal upon the judgment roll, and without any bill of exceptions.

It is contended by counsel for appellants that section 1664 of the Code of Civil Procedure does not authorize the superior court to ascertain and declare the rights or interests of others than the heirs of an intestate, and the devisees and legatees by will; and that one who has

purchased the interest of an heir or devisee in the property of an estate, pending the administration, has no right, under that section of the code, to have the interest thus purchased ascertained, declared, or directly distributed to him by the superior court, "while sitting as a court of probate ": 1. Because no such legislative intent is expressed in that section; and 2. Because if such intent is expressed, the section is unconstitutional in that respect.

1. I think it cannot reasonably be questioned that it was the intention of the legislature, by section 1664 of the Code of Civil Procedure, to provide a mode of proceeding by which *all persons who claim ownership* of or an interest in the property of an estate of a testator or an intestate, whether directly, as heirs and devisees, or indirectly, through the heirs or devisees, may have their respective rights and interests in and to such property conclusively ascertained, determined, and declared, so far at least as the parties before the court are concerned, before distribution is decreed, to the end that the final distribution of the property may be made directly to the persons respectively entitled thereto; and the language of the section seems to express this intention so clearly that there is no room for construction. But the provisions of the section are carefully limited to the ascertainment and determination of rights and interests claimed in privity with the estates, and are not applicable to rights or titles claimed adversely to such estates.

The case most relied upon as being opposed to the views above expressed is that of *Chever* v. *Ching Hong Poy*, 82 Cal. 68. But that case was not a proceeding under section 1664 of the Code of Civil Procedure. Nor did it involve any question as to the construction or constitutionality of that section. Nor is there any allusion to that section in the opinion. The only point decided in that case is, that an *ordinary* decree of distribution to an heir is not conclusive of title in the heir as against a prior grantee of such heir. The reasons for this, as I understand the opinion, are, that in the ordinary mode

of distribution the grantee of the heir is not a party to the proceeding, and there is no issue as to his title presented for determination. This being so, of course the court would have no jurisdiction to try or determine anything as to the title of the grantee. The opinion indicates, however, that the cases in this state are not entirely harmonious on this point, and hence the apparent need of such a mode of procedure as that provided by section 1664 of the Code of Civil Procedure, whereby the grantees of heirs and devisees may have their rights determined, and distribution ordered directly to them, instead of being compelled to pursue the heirs or devisees by another suit in substantially the same court, after the latter, by decree of distribution, have been invested with *prima facie* title.

2. It is further contended, that, conceding that section 1664 of the Code of Civil Procedure clearly expresses the intention of the legislature to authorize the court to ascertain and determine the rights of alleged assignees of the heirs as a part of the proceedings in the settlements of estates of deceased persons, to that extent the legislature attempted to confer upon superior courts a jurisdiction not authorized by the constitution, since the constitution has conferred upon "superior courts, *while sitting as courts of probate*," jurisdiction of only *probate matters*. The point made is, that while the superior court was engaged in the proceeding to settle and distribute the estate of H. S. Burton, deceased, it had no jurisdiction of the subject-matter of ascertaining and determining the rights of the alleged assignees of the heirs; although it had jurisdiction to ascertain and determine the respective rights of the heirs among themselves. It is not questioned that the court had jurisdiction of the persons of all parties interested, nor that the proceeding was conducted in strict accordance with section 1664 of the Code of Civil Procedure.

No distinct "court of probate" has been created or recognized by the present constitution of this state. The constitution has created superior courts, and has given

them original jurisdiction of the subject-matter of various classes of actions and special proceedings, more or less distinct from each other; among which are " all actions at law which involve the title or possession of real property," and " all such special cases and proceedings as are not otherwise provided for," and " all matters of probate." (Const., art. VI., sec. 5.)

The proceeding provided by section 1664 of the Code of Civil Procedure is a special proceeding (*Smith* v. *Westerfield*, 88 Cal. 374), and is embraced within the scope of "matters of probate,"—as clearly so as is the proceeding for the sale of real property to pay debts of an estate. The objects of probate proceedings are to administer, settle, and distribute the estates of deceased persons. They are commenced by petition for letters of administration or for the probate of wills, and they are closed by a decree distributing " the residue of the estate in the hands of the executor or administrator, if any, among the persons *who by law are entitled thereto*" (Code Civ. Proc., sec. 1665), and an order discharging the executor or administrator, but who cannot be discharged from his trust until he has " delivered up, under the order of the court [order of distribution], all the property of the estate *to the parties entitled.*" (Sec. 1697.) It will not be denied that the decree of distribution and the order discharging the executor or administrator are within the scope of " matters of probate," in the sense of the constitution, from which it necessarily follows that the court must have the incidental power, in some mode, to ascertain and determine who are entitled, as distributees, to the residue of the estate, even though such determination should involve a question as to title or possession of real property; and I see no objection, on constitutional grounds, to the mode provided by section 1664 of the Code of Civil Procedure. The superior court, while sitting in matters of probate, is the same as it is while sitting in cases in equity, in cases at law, or in special proceedings; and when it has jurisdiction of the subject-matter of a case falling within either of these classes, it

has power to hear and determine, in the mode provided by law, all questions of law and fact the determination of which is ancillary to a proper judgment in such case. This is an incidental power pertaining "to all courts, for the purpose of enabling them to exercise the jurisdiction which is conferred upon them." (*Smith* v. *Westerfield,* 88 Cal. 374.) It is true, however, that in special proceedings the court must exercise its jurisdiction, substantially at least, in the mode prescribed by the statute authorizing the proceeding; but in this case it is not questioned that the court did so. The statute (section 1664) expressly authorizes and requires the court to determine "the heirship to the deceased, the *ownership* of his estate, and the interest of each respective *claimant* thereto or therein" which is not claimed adversely to the estate. This certainly includes the "*ownership*" of grantees of the heirs, and all those who are "*claimants*" through the heirs. All such are required to be cited to appear and to plead "the facts constituting their claim of heirship, *ownership,* or *interest* in said estate"; and it further provides that evidence shall be received in support of all issues made by the pleadings. The proceeding thus authorized expressly and necessarily involves questions to the title to the property of the estate, whether real or personal. How is the court to exercise the jurisdiction given without trying and determining such questions?

The cases of *Theller* v. *Such,* 57 Cal. 447, *Bath* v. *Valdez,* 70 Cal. 350, and *Barnard* v. *Wilson,* 74 Cal. 512, are irrelevant to any point in this case, since in each of them the claim to be determined was adverse to the estate of the deceased. For such a case, as before remarked, section 1664 of the Code of Civil Procedure does not provide.

The findings of fact support the decree. The points made by appellants, in addition to those above considered, have not a sufficient foundation in the record, even if the reports of former cases in this court between the same parties may be considered.

I think the judgment and order should be affirmed.

BELCHER, C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.