STATE ex rel. PETTERS & CO., Relator, v. DISTRICT
COURT et al., Respondents.

(No. 5,918.)

(Submitted March 25, 1926.  Decided April 7, 1926.)

[245 Pac. 529.]

*Estates of Deceased Persons—Descent and Distribution—Real
Estate Mortgage Foreclosure After Distribution of Estate—
Complaint — Erroneous Dismissal for Insufficiency — Super-
visory Control.*

Estates of Deceased Persons—Cease to Exist upon Entry of Decree of
Distribution—Jurisdiction.
1. The estate of a deceased person dealt with by sections 10173
and 10180, Revised Codes, the intent of which is to permit a
mortgagee to foreclose his mortgage although the mortgagor has
died, provided the mortgagee shall not have recourse against any
other property of the decedent's estate unless he first presents
his mortgage claim to the executor or administrator in accordance
with the statute, ceases to exist upon entry of decree of distribu-
tion which is conclusive and has the force of *res adjudicata;* after
the estate is declared closed the court has neither jurisdiction over
the property of the estate nor over the executor or administrator.

Same—Descent and Distribution—Title of Heir Originates, How.
2. The title of an heir to the property of a decedent does not
originate in the decree of distribution but vests immediately upon
the latter's death, the decree simply serving to release the property
of the heir from the conditions to which, as the estate of a deceased
person, it was subject, and to confirm the heir's title.

Same—Mortgage Foreclosure—Suit After Distribution of Estate—Com-
plaint—Erroneous Dismissal for Insufficiency.
3. *Held,* on application for writ of supervisory control, that where
after the estate of a deceased person had been distributed, the
holder of a real estate mortgage executed by decedent during his
lifetime commenced suit to foreclose without asking for a deficiency
judgment, the sole heir not answering, the district court erred in
dismissing the suit for want of jurisdiction because of plaintiff's
failure to allege that he had presented his claim to the administra-
tor or, in the absence of presentation of such claim, that he waived
all recourse against the decedent's property other than that covered

1. Effect of decree of distribution, see note in 106 **Am. St. Rep.** 640.
See, also, 11 **R. C. L.** 184.
2. See 9 **R. C. L.** 72.

by the mortgage, since the provisions of sections 10173 and 10180, *supra*, (see par. 1 above) are applicable only to an estate still in course of administration and not to one that has been closed.

---

[1] Courts, 15 C. J., sec. 521, p. 1094, n. 86; Executors and Administrators, 24 C. J., sec. 1331, p. 495, n. 25 New; sec. 1837, p. 747, n. 67.
[2] Descent and Distribution, 18 C. J., sec. 133, p. 877, n. 20, 25; Executors and Administrators, 23 C. J., sec. 258, p. 1093, n. 23 New; p. 1094, n. 29 New; 24 C. J., sec. 1400, p. 528, n. 99; p. 529, n. 8.
[3] Descent and Distribution, 18 C. J., sec. 308, p. 955, n. 15 New; Judgments, 33 C. J., sec. 101, p. 1166, n. 11; Mortgages, 27 Cyc., p. 1775, n. 51; p. 1779, n. 86; p. 1782, n. 3.

Original application by the State, on the relation of Petters & Co., a corporation, for a writ of supervisory control, directed against the District Court of the Nineteenth Judicial District of the State, in and for the County of Toole, and John J. Greene, Judge thereof. Writ granted.

*Messrs. Freeman, Thelen & Frary,* for Relator, submitted a brief; *Mr. James W. Freeman* argued the cause orally.

*Honorable John J. Greene,* District Judge, Respondent, *pro se,* submitted a brief.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Application for a writ of supervisory control. The relator, referred to hereafter as the plaintiff, on January 29, 1925, commenced an action in the district court of Toole county against Tonetta Heskin and twenty-five others to foreclose a mortgage upon certain real estate executed by one Knut Heskin to plaintiff on September 1, 1916.

The complaint sets forth the execution of the note and mortgage by Knut Heskin to plaintiff, and nonpayment of the note which was long overdue. Reference to formal and other allegations which have no bearing upon the question involved will be omitted. It is recited that after the execution and delivery of the note and mortgage Heskin, a single man, died intestate leaving surviving as his heir, his mother, Tonetta Heskin. In January, 1918, in the matter of the estate of Knut Heskin, de-

ceased, the district court appointed an administrator of the estate who duly qualified. Upon October 10, 1918, a decree of settlement of final account and distribution of the estate was duly made and entered by the district court of Toole county, by the terms of which all of the residue of the estate, including the mortgaged premises, was distributed to Tonetta Heskin, and on the eighth day of March, 1919, the administrator was discharged. It is alleged that the mortgage provided for a reasonable attorney's fee and $150 is such fee. The plaintiff paid ten dollars for a continuation of an abstract of title as permitted by the terms of the mortgage.

It is then alleged that the defendants, naming them, "have or claim to have some interest of, in and to the said premises" but "the said interest or claims are subsequent to the lien of plaintiff's said mortgage." The plaintiff demanded judgment "that said mortgage note of said plaintiff be decreed to be a first mortgage lien against the aforesaid described real estate and that it be found that there is due upon the same at the present time the sum of $1,500 together with interest thereon at the rate of 12% per annum from December 1, 1923; the sum of $10 together with interest thereon at the rate of 12% per annum from March 14, 1925," being the amount paid out by the plaintiff for an abstract of title, and the further sum of $150 attorney's fees, and for its costs and disbursements, and that the usual decree be made for the sale of the premises described in the mortgage by the sheriff of Toole county, according to the law and the practice of the court, and so forth.

The plaintiff did not ask for a deficiency judgment. There was not any allegation in the complaint showing that the plaintiff ever had presented any claim to the administrator of the estate of Knut Heskin, deceased.

Upon the day the complaint was filed summons was issued and thereafter personal service of the same was obtained upon all of the defendants. No appearance was made in the action by any of them, except one who filed an answer admitting the

allegations of the complaint. Due time having expired, and a *praecipe* having been filed for the default of the nonappearing defendants, the court on the twenty-first day of January, 1926, entered the default of each and all of them save that of the one who had answered. Thereafter the plaintiff submitted proof; that it sustained the allegations of the complaint is not disputed. The plaintiff then submitted to the judge a decree for his signature. The court took the matter under advisement and upon March 3, 1926, made the following order: "The plaintiff, Petters and Company, a corporation, having failed to state a cause of action in their complaint on file in the above entitled action by failure to allege in said complaint that all recourse against the other property of the Estate of Knut Heskin, deceased, is waived, save and except the premises covered by the mortgage described in said complaint, it is hereby ordered, adjudged and decreed: That the above entitled court has no jurisdiction to entertain the decree submitted by the plaintiff in the above entitled action."

The plaintiff alleges in its petition for a writ of supervisory control that the district court in refusing to entertain jurisdiction and in refusing to enter a decree of foreclosure in plaintiff's favor committed error to the manifest injury of plaintiff, to correct which the plaintiff is driven to seek the supervisory power of this court, else the plaintiff is remediless. Clearly the plaintiff has not the remedy of appeal.

The respondent court and judge have moved to quash the order to show cause, and to dismiss this proceeding, and have filed a brief in which it is contended that plaintiff's complaint does not state a cause of action and therefore the district court has not any jurisdiction of the action so as to enable it to render a decree of foreclosure. "This opinion," it is said in the brief, "is based upon the failure of plaintiff to allege in its complaint that it has presented a claim arising upon the contract or note sued upon to the administrator of the Knut Heskin estate, as provided by section 10173 of the Montana Revised Codes, or, if such claim was not presented, plaintiff failed

to allege in its complaint, as provided by section 10180 of the Montana Revised Codes, that it expressly waived all recourse against all other property of the estate.''

Section 10173 provides that all claims arising upon contracts whether the same be due, not due, or contingent, must be presented within the time limited in the notice to creditors, which must be given by an administrator (secs. 10170, 10171, Rev. Codes, 1921), provided ''that nothing in this chapter contained shall be so construed as to prohibit the right, or limit of time, of foreclosure of mortgages upon real property of decedents, whether heretofore or hereafter executed, but every such mortgage may be foreclosed within the time and in the manner prescribed by the provisions of this Code, other than those of this chapter, except that no balance of the debt secured by such mortgage remaining unpaid after foreclosure shall be a claim against the estate, unless such debt was presented as required by the provisions of this chapter.''

Section 10180 provides that ''no holder of any claim against an estate shall maintain any action thereon, unless the claim is first presented to the executor or administrator, except in the following case: An action may be brought by any holder of a mortgage or lien to enforce the same against the property of the estate subject thereto where all recourse against other property of the estate is expressly waived in the complaint.''

The clear intent of both of these statutes is to permit the mortgagee to foreclose his mortgage although the mortgagor has died, provided that the mortgagee shall not have recourse against any other property of decedent's estate, unless he first presents his mortgage claim to the executor or administrator in accordance with the statute.

It is obvious that the court assumed that when the action was [1] commenced the plaintiff's note and mortgage constituted a claim against the estate of Knut Heskin, deceased. The fact that there was not any such estate seems to have been overlooked altogether. The estate referred to in sections 10173 and 10180 is that of a deceased person. Broadly speaking, the es-

tate of a deceased person may be deemed to exist only from the death of the decedent until it is finally wound up by an order of the court having jurisdiction thereof; after the property of the decedent's estate has been paid out or otherwise distributed to those entitled thereto in accordance with the court's orders, and thereupon the estate has been declared closed, it can no longer be said to exist.

Neither section 10173 nor 10180 has any application to the condition presented. When plaintiff's complaint was filed there was, so far as this record discloses, no estate of Knut Heskin, deceased, in existence. His estate had been fully administered, the property thereof distributed, the administrator discharged. At the death of Heskin his real estate passed instantly to his mother, Tonetta Heskin (sec. 7073, subd. 2, Rev. Codes 1921), subject only to the control of the district court and to the possession of the administrator for the purposes of administration. (Sec. 7072, Rev. Codes 1921.) The title of Tonetta Heskin to the property did not originate in the decree of distribution but vested immediately upon the death of her son of whom she was the sole heir. The decree only served to release the property of the heir from the conditions to which, as the estate of a deceased person, it was subject; it simply confirmed the heir's title. (12 Cal. Jur. 197, 198; *Bates* v. *Howard,* 105 Cal. 173, 38 Pac. 715; *Hume* v. *Laurel Hill Cemetery,* 142 Fed. 552.) The decree, conceded valid, whereby all the residue of the estate, including the mortgaged premises, was distributed to Tonetta Heskin is final and conclusive; it has the force of *res judicata.* (11 R. C. L. 184; 12 Cal. Jur. 199, 200.)

The estate having been fully administered and the property thereof distributed, in accordance with law, the court, as the administrator was thereto entitled, entered an order discharging him. (Sec. 10332, Rev. Codes 1921.) As to the estate he was then *functus officio.* The entry of that order, sometimes called a decree, closed the proceedings. (12 Cal. Jur. 232; *In re Burton's Estate,* 93 Cal. 459, 29 Pac. 36.)

The court no longer had any jurisdiction over the adminis-
trator (*Wills* v. *Farley,* 24 Cal. 491; *In re Clary's Estate,* 112
Cal. 292, 44 Pac. 569), and no further jurisdiction over the
estate for the obvious reason that there was no estate. Upon
the entry of a decree of distribution the court loses juris-
diction. of the property except so far as may be necessary to
compel the executor or administrator to obey the decree and de-
liver the property to the distributee. (*Estate of Baird,* 181
Cal. 742, 186 Pac. 351; *Estate of Garraud,* 36 Cal. 277; 11 Cal.
Jur. 258.)

When the plaintiff filed its complaint the only parties in
[3]  interest, save plaintiff, were Tonetta Heskin and the
other defendants. Each and all were summoned, none made
any defense. Apparently all were willing that the decree be
entered; at any rate objection was not made by anybody. The
plaintiff did not ask for a deficiency judgment; it would have
been useless to have done so. None of the defendants was lia-
ble for the debt. The mortgaged property only was liable for
that. There was no other property to which the plaintiff
might resort if the mortgaged property were found insufficient
to satisfy its claim. Moreover, as above noted, the plaintiff
had not demanded judgment against any person, nor the estate
of any person; it had demanded simply that the amounts due
it be ascertained and fixed, and that a decree be entered direct-
ing the sale of the mortgaged property to satisfy such amounts,
with proper costs. No other relief could have been awarded
the plaintiff under the express provisions of section 9316, Re-
vised Codes of 1921, which declares, in part, that "the relief
granted to the plaintiff, if there be no answer, cannot exceed
that which he shall have demanded in the complaint." Ton-
etta Heskin, the owner of the property subject to plaintiff's
mortgage did not answer. But one of the twenty-six defend-
ants answered, only to admit the allegations of the complaint.
An allegation that the plaintiff "expressly waives all recourse
against all other property of the estate" in view of the con-
ditions pleaded would have been meaningless. The law

neither does nor requires an idle act. (Sec. 8760, Rev. Codes 1921.) When the reason of a rule ceases, so should the rule itself. (Sec. 8739, Rev. Codes 1921.)

The plaintiff, therefore, was entitled to a decree foreclosing its mortgage. It is entitled to have the mortgaged property sold to pay the amount of the debt found to be due, together with a reasonable attorney's fee, and the amount paid out for a continuation of the abstract—for the mortgage provides for these—and for its costs. There is no difficulty in the matter. If the property does not sell for enough to cover the amounts due plaintiff, with costs, the plaintiff must be content; if it sells for more than enough the overplus must be paid to Tonetta Heskin who is entitled to the residue of what once was Knut Heskin's estate.

Let the writ issue.

*Writ granted.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN, STARK and MATTHEWS concur.